UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>vs.<br><br>JONATHAN ANDREW BLACKSMITH,<br>a/k/a JON ANDREW BLACKSMITH,<br><br>                 Defendant. | CR. 14-50104-JLV<br><br>ORDER |

## INTRODUCTION

Pending before the court is defendant Jonathan Blacksmith's motion to withdraw his guilty plea. (Docket 31). The government resists the motion. (Docket 52). For the reasons set forth below, defendant's motion is denied.

## BACKGROUND

On October 21, 2014, Mr. Blacksmith was indicted for possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Docket 2). On February 25, 2015, Mr. Blacksmith pled guilty pursuant to a written non-binding plea agreement (Dockets 18 & 25). At Mr. Blacksmith's change of plea hearing, the magistrate judge addressed him in open court and provided him with an explanation in accord with Fed. R. Crim. P. 11(b). (Docket 44).[1] Magistrate Judge Simko explained the charges against Mr. Blacksmith, the consequences of pleading guilty and the statutory range of punishment for the charged offense. (HT 4:19–13:3).

---

[1]Docket 44 refers to the transcript from Mr. Blacksmith's change of plea hearing in front of Magistrate Judge Simko. The court refers to the hearing transcript of Mr. Blacksmith's change of plea as "HT" followed by the page number(s) and the line number(s).

Judge Simko further explained the defendant's constitutional rights and that Chief District Judge Viken could impose a sentence at or anywhere below the statutory maximum term of imprisonment whether or not the custody term was within the federal sentencing guidelines.  Id. at 9-10.  Mr. Blacksmith acknowledged under oath that he discussed the plea agreement with his lawyer, he understood the terms of the agreement, he made this decision to plead guilty with full knowledge of the consequences of the decision, and he was in fact guilty of the charged offense.  Id. at. 3-4, 13-14.  Judge Simko, after hearing Mr. Blacksmith's responses to his Rule 11(b) colloquy, including the factual basis for his plea, determined Mr. Blacksmith's plea was knowing and voluntary and recommended the district court accept the plea of guilty. (Docket 25 & HT 13:9–14:5).

The court adopted the magistrate judge's report and recommendation and ordered the preparation of a modified presentence investigation report. (Docket 26).  The draft modified presentence report was filed on April 6, 2015. (Docket 29).  Neither the government nor Mr. Blacksmith raised any objections to the draft modified presentence investigation report.  See April 17 & 22, 2015, CM/ECF filings.

On April 28, 2015, Mr. Blacksmith filed a motion to withdraw his guilty plea. (Docket 31).  Mr. Blacksmith alleges "he was relying on the PSR's calculation of the guideline range to come back identical to the range counsel previously calculated."  Id. at 3.  Mr. Blacksmith also alleges his "emotions caused him to suffer from an impaired judgment."  Id.  On June 9, 2015, after

receiving multiple extensions, the government filed a memorandum in opposition to Mr. Blacksmith's motion. (Docket 52).

On August 6, 2015, Mr. Blacksmith, through his new attorney, filed a reply to the government's response. (Docket 54). In his reply, Mr. Blacksmith asserts his innocence of the charged offense, his factual rationale why he would not have committed the alleged offense and requests a hearing on the matter. Id. Mr. Blacksmith's reply was bereft of any legal argument and constitutes a bare assertion of alleged facts inconsistent with the record made at the change of plea hearing. Id.

## DISCUSSION

### 1. Motion to Withdraw Guilty Plea

Fed. R. Crim. P. 11 allows a defendant to withdraw his guilty plea after the court accepts the plea but before handing down the sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of showing such a reason." United States v. Norvell, 729 F.3d 788, 792 (8th Cir. 2013), as corrected (Sept. 4, 2013) (citing United States v. Cruz, 643 F.3d 639, 642 (8th Cir. 2011)), cert. denied, 134 S. Ct. 1342 (2014). "The determination of whether a defendant has met this burden of proof is within the sound discretion of the trial judge." United States v. Newson, 46 F.3d 730, 732 (8th Cir. 1995) (citing United States v. Dixon, 784 F.2d 855, 856 (8th Cir. 1986)).

The United States Court of Appeals for the Eighth Circuit instructs:

> [e]ven if such a fair and just reason exists, before granting the motion a court must consider "whether the defendant asserts his

innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion."

Norvell, 729 F.3d at 792-93 (quoting United States v. Ramirez–Hernandez, 449 F.3d 824, 826 (8th Cir. 2006) (further citations omitted)); see also United States v. Teeter, 561 F.3d 768, 770 (8th Cir. 2009).

"Where the court sees no fair and just reason to permit withdrawal, however, these additional matters need not be considered." Ramirez-Hernandez, 449 F.3d at 826 (citing United States v. Austin, 413 F.3d 856, 857 (8th Cir. 2005). The court is also cognizant that after "a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.' " United States v. Alvarado, 615 F.3d 916, 920 (8th Cir. 2010) (quoting United States v. Rawlins, 440 F.2d 1043, 1046 (8th Cir. 1971)). A "district court's denial of a motion to withdraw a guilty plea [is reviewed] for [an] abuse of discretion." Norvell, 729 F.3d at 792 (citations omitted).

Mr. Blacksmith seeks to withdraw his guilty plea because: (1) he relied on defense counsel's misapplication of the guidelines; (2) he was in an emotional state which impaired his judgment; and (3) he is innocent of the offense. (Dockets 31 at p. 3 & 54).

### a. Misapprehension of the Sentencing Guidelines

"A defendant's misapprehension of the application of the Guidelines to his sentencing does not constitute a fair and just reason for withdrawing a plea so long as the defendant was told the range of potential punishment and that

4

the Guidelines would be applied to determine his sentence." United States v. Burney, 75 F.3d 442, 445 (8th Cir. 1996) (citing United States v. Hoelscher, 914 F.2d 1527, 1544 (8th Cir. 1990)). The Eighth Circuit held:

> A defendant may not withdraw a plea . . . merely because he misunderstands how the sentencing guidelines will apply to his case. So long as the district court tells a defendant the statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding. This is true even where the misunderstanding is caused by defense counsel's erroneous estimation of what the ultimate sentence will be.

United States v. Thomas, 705 F.3d 832, 834 (8th Cir. 2013) (quoting Ramirez–Hernandez, 449 F.3d at 826) (internal citations omitted)); see also United States v. Ludwig, 972 F.2d 948, 950-51 (8th Cir. 1992).

"Rule 11 does not require the sentencing court to inform the defendant of the applicable guideline range or the actual sentence he will receive." Burney, 75 F.3d at 445 (citing Thomas v. United States, 27 F.3d 321, 324 (8th Cir. 1994)). "The defendant's right to be apprised of the court's sentencing options is no greater than the provisions of Fed. R. Crim. P. 11(c)(1), which requires only that the court inform the defendant of the applicable mandatory minimum and maximum sentences." Burney, 75 F.3d at 445 (quoting Thomas, 27 F.3d at 324) (internal quotation marks omitted).

Mr. Blacksmith asserts he "was relying on the PSR's calculation of the guideline range to come back identical to the range counsel previously calculated." (Docket 31 at p. 3). Although the court is unaware of the sentencing guideline range estimated by Mr. Blacksmith's former counsel, the guideline range identified in the draft modified presentence investigation report

5

is 30 to 37 months in custody. (Docket 29 at p. 15). Government counsel, at the behest of Judge Simko, advised Mr. Blacksmith of the correct statutory maximum punishment for the charged offense in accord with § 924(a)(2): ten years' imprisonment, a $250,000 fine or both; three years of supervised release, a violation of the conditions of supervised release could result in two additional years of imprisonment upon any revocation; a $100 special assessment; restitution; and forfeiture of the firearm. (HT 6:3-9). Judge Simko warned Mr. Blacksmith that Judge Viken may impose "a sentence which is more severe than what you are expecting or if he imposes a sentence which is more severe than what the guidelines call for, you will not be given permission to withdraw your guilty plea and go back to the beginning of your case and to start all over again." Id. at 7:24-8:4. Mr. Blacksmith indicated his understanding. Id. at 8:5.

Judge Simko advised Mr. Blacksmith of the statutory range of punishment he faced and that the sentencing guidelines would be considered by Judge Viken, but Judge Viken was not obligated to follow the guidelines. Mr. Blacksmith's misapprehension of how the sentencing guidelines would apply to his case, even when the court assumes his misunderstanding was caused by an erroneous estimate of his former counsel, is not a fair and just reason for the withdrawal of his guilty plea. See Thomas, 705 F.3d at 834.

      **b.    Emotions and Impaired Judgment**

"The plea of guilty is a solemn act not to be disregarded because of belated misgiving about [its] wisdom." United States v. Morrison, 967 F.2d

6

264, 268 (8th Cir. 1992) (quoting United States v. Woosley, 440 F.2d 1280, 1281 (8th Cir. 1971), cert. denied, 404 U.S. 864 (1971)).  A defendant's " '[s]olemn declarations in open court carry a strong presumption of verity.' " United States v. Green, 521 F.3d 929, 932 (8th Cir. 2008) (quoting United States v. Fitzhugh, 78 F.3d 1326, 1329 (8th Cir. 1996), cert. denied, 519 U.S. 902 (1996)).  In Green, the Eighth Circuit determined the defendant's unsupported, self-serving post-plea claims of duress "fl[ew] directly in the face of his own plea hearing testimony," and held that the alleged duress was not a fair and just reason to permit the defendant to withdraw the plea. Id. at 932 (citing United States v. Gray, 152 F.3d 816, 820 (8th Cir. 1998)).

Mr. Blacksmith asserts "his emotions caused him to suffer from an impaired judgment." (Docket 31 at p. 3).  However, at his change of plea hearing, Mr. Blacksmith admitted he was sober, not using medication or controlled substances, and had never been treated for any mental or emotional conditions.  (HT 3:7-17).  Mr. Blacksmith acknowledged having enough time to consult with his lawyer about the charge and the potential penalty. Id. at 3:19-21.  Mr. Blacksmith acknowledged he was satisfied with his attorney's counsel and representation. Id. at 3:22-24.  Mr. Blacksmith admitted he was pleading guilty of his own free will, even though he was under no obligation to do so, because he had committed the alleged offense. Id. at 4:19-23.  Judge Simko found "Mr. Blacksmith [to be] fully competent and capable of entering an informed plea; that he is aware of the nature of the charges and consequences of the plea; that the plea of guilty is a knowing and voluntary plea supported by

7

an independent basis in fact containing each of the essential elements of the offense." Id. at13:22-14:2.

Mr. Blacksmith's assertion that his emotions impaired his judgment is a self-serving claim which is unsupported by any evidence in the record and is directly contradicted by his own testimony at the change of plea hearing. Mr. Blacksmith's plea of guilty was a knowing and voluntary plea. Mr. Blacksmith's allegedly impaired judgment due to his emotions is not a fair and just reason to permit him to withdraw his guilty plea. See Green, 521 F.3d at 932.

### c. Defendant's Reply Brief

On August 6, 2015, Mr. Blacksmith, by and through counsel, filed a reply brief responding to the government's resistance to his motion to withdraw his guilty plea. (Docket 54). Mr. Blacksmith asserts his innocence of the charged offense. Id. at 1. Mr. Blacksmith sets forth various theories and allegations demonstrating his innocence of the charged offense and why he pled guilty when he was in fact innocent. Id. at 1-2. Mr. Blacksmith's reply concludes by requesting an evidentiary hearing. Id. at 2.

#### i. Defendant's Reply Brief Is Untimely

A brief recitation of the events in Mr. Blacksmith's case is helpful. Mr. Blacksmith, since pleading guilty on February 25, 2015, was appointed new counsel on two occasions. See Docket 49 at p. 1. Mr. Blacksmith's current attorney was appointed on May 21, 2015. On May 26, 2015, the government filed its third motion for an extension of time to respond to Mr. Blacksmith's

8

motion to withdraw his guilty plea. (Docket 49). In support of its motion, the government represented additional time was needed to discuss the potential consequences of Mr. Blacksmith's motion to withdraw his guilty plea with his new counsel and for Mr. Blacksmith and his new counsel to determine whether defendant would persist in the motion. Id. at 1-2. The court granted the government's request. (Docket 50). The government was given until June 9, 2015, to respond to Mr. Blacksmith's motion. Id. The government timely filed its response. (Docket 52).

On August 6, 2015, fifty-eight days later, Mr. Blacksmith filed his reply to the government's response. (Docket 54). D.S.D. Crim. LR 47.1(C) provides:

> On or before 7 calendar days after service of a motion and brief, unless specifically ordered by the court, all opposing parties will serve and file with the clerk of court a responsive brief containing the specific points of law with authorities in support thereof in opposition to the motion. *The movant may file with the clerk of court a reply brief within 4 calendar days after service of the responsive brief.*

D.S.D. Crim. LR 47.1(C) (emphasis added).

Mr. Blacksmith had four days in which to reply to the government's filing. Mr. Blacksmith's brief, filed fifty-eight days after the government's response, is well outside the time period for the filing of a reply brief in a criminal case. Counsel for Mr. Blacksmith neither sought an extension of time in replying to the government's response nor requested a reprieve from the court's local rules. Mr. Blacksmith's reply brief is untimely, and he demonstrates no good cause justifying the late filing.

9

### ii. Merits of Defendant's Reply Brief

Even when the court considers the allegations raised in Mr. Blacksmith's reply brief, his assertions are unavailing. Mr. Blacksmith for the first time since his February 25, 2015, change of plea hearing asserts his innocence of the offense charged in the indictment.

The Eighth Circuit held "[a]n assertion of innocence—even a swift change of heart after the plea—does not constitute a fair and just reason' to grant withdrawal." United States v. Storholm, 226 F. App'x 639, 640 (8th Cir. 2007) (quoting United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992) (internal quotation marks omitted)) (further citations omitted)); see also United States v. Cruz, 643 F.3d 639, 643 (8th Cir. 2011) ("A conclusory assertion of innocence 'simply does not satisfy his burden of showing a fair and just reason for permit[ting] a withdrawal of what he had solemnly made under oath.' ") (quoting United States v. Sampson, 606 F.3d 505, 508 (8th Cir. 2010)) (alteration in original).

"[C]laims of innocence carry little weight in the face of contrary testimony under oath at a change of plea hearing." Storholm, 226 F. App'x at 640 (citing United States v. Peebles, 80 F.3d 278, 279 (8th Cir. 1996) (per curiam). A defendant's "claims of innocence are unavailing, given his admissions to the contrary in the plea agreement and stipulation, and at the change-of-plea hearing." Peebles, 80 F.3d at 279 (citing Ludwig, 972 F.2d at 951; Morrison, 967 F.2d at 268). "Post-plea regrets by a defendant caused by contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea . . . ." United States v. Stuttley, 103 F.3d 684, 686 (8th Cir. 1996).

Mr. Blacksmith's newfound assertions of innocence fly in the face of his plea agreement and statement of factual basis. See Dockets 18 & 19; HT 8:6-9. Mr. Blacksmith's assertions of innocence also are contrary to his testimony given under oath at his change of plea hearing. Mr. Blacksmith confirmed that the facts contained in the statement of factual basis were true and correct and agreed to the accuracy of an abbreviated form of the statement of factual basis provided orally by the prosecutor at the hearing. (HT 8:19-23 & HT 12:12-13:8). Mr. Blacksmith unequivocally informed the court he was guilty of the charged offense because "[he] had the gun in [his] possession in [his] truck." (HT 12:10-11). Mr. Blacksmith indicated he understood the consequences of his plea and he was pleading guilty of his own free will because he in truth and in fact committed the offense charged in the indictment. (HT 4:19-23).

Mr. Blacksmith's assertions of innocence carry little weight in the face of his contrary testimony given under oath at his change of plea hearing and as articulated in his signed statement of factual basis. Storholm, 226 F. App'x at 640-41. Furthermore, Mr. Blacksmith's out-of-time assertions of innocence are not even a "swift change of heart" as they come nearly two months after the government filed its response, over three months after filing his initial motion to withdraw his guilty plea and over five months after his change of plea hearing.[2] Id. at 640. Mr. Blacksmith's claims of innocence are unavailing and do not constitute a fair and just reason to grant a withdrawal of his guilty plea.

---

[2]The court notes Mr. Blacksmith also waited approximately sixty-two days after his change of plea hearing before filing the motion to withdraw his guilty plea. Compare Docket 25, with Docket 31.

11

### iii. Request for an Evidentiary Hearing

Mr. Blacksmith requests an evidentiary hearing to provide "testimony related to the process in which he was convinced to enter a guilty plea to a crime he did not commit." (Docket 54 at p. 2). "The trial court can deny a motion to withdraw a guilty plea without holding an evidentiary hearing 'if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true.' " United States v. Alvarado, 615 F.3d 916, 920 (8th Cir. 2010) (citing Morrison, 967 F.2d at 267-68 (quoting United States v. Thompson, 906 F.2d 1292, 1299 (8th Cir. 1990)). A trial court's refusal to hold an evidentiary hearing following a defendant's motion to withdraw a plea of guilty is reviewed under an abuse of discretion standard. Id.

Mr. Blacksmith's request for an evidentiary hearing is denied. Judge Simko conducted a thorough colloquy with Mr. Blacksmith in accord with Rule 11 at the change of plea hearing. See Thompson, 906 F.2d at 1299 (Affirmatively citing United States v. Stitzer, 785 F.2d 1506, 1514 (11th Cir.), *cert. denied*, 479 U.S. 823 (1986), for the proposition that "no evidentiary hearing [was] required in light of extensive [Rule 11] inquiries by trial court before accepting plea."). In support of his innocence claim, Mr. Blacksmith alleges he did not possess the gun in question.[3] This assertion is directly contradicted by his statement of factual basis and sworn testimony during his change of plea hearing. The court finds Mr. Blacksmith's innocence allegation is unreliable and unsupported by the facts before the court.

---

[3]Mr. Blacksmith argues he did not "own" the gun in question. (Docket 54 at p.1). The offense of felon in possession of a firearm requires only that a defendant possess a firearm. See 18 U.S.C. § 922(g)(1).

Mr. Blacksmith provides various auxiliary rationale in support of his assertion he did not possess a firearm: (1) he was nearing the end of his probation and had no reason to carry a gun; (2) the police report indicates a high probability that the recovered gun was not his; (3) a younger person was in the car with Mr. Blacksmith and it is highly probable that this person was of a gang mentality where carrying a handgun is a sign of coolness; (4) the younger person, if offered immunity, would testify the handgun was not Mr. Blacksmith's; and (5) Mr. Blacksmith's fear of a lengthy prison sentence and lack of faith in the judicial system caused him to admit to an offense he did not commit. (Docket 54 at pp. 1-2).

The court finds Mr. Blacksmith's first allegation, even if true, is not grounds for granting the withdrawal of his guilty plea. Mr. Blacksmith's second allegation is not supported by specific facts and is also unreliable in that it is contradicted by his statement of factual basis and sworn testimony. The court further finds Mr. Blacksmith's third and fourth allegations are unreliable.[4]

Mr. Blacksmith's fifth allegation, fear of a lengthy prison sentence, which the court perceives to be his primary concern, is not a fair and just reason permitting the withdrawal of a guilty plea. See Storholm, 226 F. App'x at 640 (A defendant's assertion that he pled guilty "only because he feared a lengthy mandatory minimum sentence" was not a fair and just reason to grant the withdrawal of a guilty plea.). Even when the court assumes Mr. Blacksmith

---

[4]Mr. Blacksmith's fourth allegation attempts to predict the testimony of a prospective witness under an a nonexistent grant of immunity. To the extent Mr. Blacksmith implies the only way a prospective witness will testify truthfully is with an offer of "immunity" from the government, the court rejects the assertion.

pled guilty because he feared a lengthy prison sentence, this fear is not grounds for permitting the withdrawal of his guilty plea.

Mr. Blacksmith had over five months to formulate arguments in favor of withdrawing his guilty plea. The court considered and rejects all of his arguments. Mr. Blacksmith entered a knowing and voluntary plea of guilty. Mr. Blacksmith's request for an evidentiary hearing to offer testimony demonstrating he was "convinced to enter a guilty plea to a crime he did not commit" is denied. See Alvarado, 615 F.3d at 920. "The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." Morrison, 967 F.2d at 268 (citations omitted).

**ORDER**

Based on the above analysis, it is

ORDERED that defendant's motion to withdraw his guilty plea (Docket 31) is denied.

IT IS FURTHER ORDERED that defendant's request for an evidentiary hearing (Docket 54) is denied.

IT IS FURTHER ORDERED that an order scheduling Mr. Blacksmith's sentencing will be entered.

Dated August 19, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE